

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 21, 1974

The Honorable David Finney, Chairman
State Affairs Committee
House of Representatives
Austin, Texas 78767

Opinion No. H- 311

Re: Questions concerning activi-
ties report required by House
Bill 2, 63rd. Leg., Article 6252-9c,
V. T. C. S.

Dear Representative Finney:

On behalf of the State Affairs Committee of the House of Representa-
tives you have submitted to us two questions concerning House Bill 2 of
the 63rd. Legislature (Acts 1973, 63rd Leg., ch. 422, p. 1096) incorporated
into Vernon's Texas Civil Statutes as Article 6252-9c.

Your first question asks:

"May the entity covered in Section 3 (a)(1) designate
its employed legislative representative or lobbyist as
its agent and authorize the agent to file its registration
pursuant to Section 5 of the Act and to compile and file
its activity report as required by Section 6 of the Act? "

The cited section of the statute is:

"Sec. 3. (a) The following persons must register
with the secretary as provided in Section 5 of this Act:
(1) a person who makes a total expenditure in
excess of $200 in a calendar quarter, not including his
own travel, food, or lodging expenses, or his own
membership dues, for communicating directly with one
or more members of the legislative or executive branch

to influence legislation; . . . "

Section 2 (1) of the statute defines "person" to include not only individuals, but also corporations, associations, firms, partnerships, committees, clubs and "other organizations or groups of persons who are voluntarily acting in concert."

Sections 5 and 6, covering registration under the Act and the activities reports, provides in part:

"Sec. 5. (a) Every person required to register under Section 3 of this Act shall file a registration form with the secretary within five days after the first undertaking requiring registration except as otherwise provided herein.

(b) The registration shall be written, verified, and shall contain the following information:

(c) Each person who made expenditures on behalf of a registrant that are required to be reported by Subsection (b) of this section or who has other information required to be reported by the registrant under this section or Section 5 shall provide a full, verified account of his expenditures to the registrant at least seven days before the registrant's report is due to be filed.

"Sec. 6. (a) Every person registered under Section 5 of this Act shall file with the secretary a report concerning the activities set out in Subsection (b) of this section. The report must be filed:

(1) between the 1st and 10th day of each month subsequent to a month in which the legislature is in session covering the activities during the previous month; and

(2) between the 1st and 10th day of each month immediately subsequent to the last month in a calendar quarter covering the activities during the previous quarter.

(b) The report shall be written, verified, and contain the following information; . . . .

(c) If a registrant's activities are done on behalf of the members of a group other than a corporation, the registration form shall include a statement of the number of members of the group and a full description of the methods by which the registrant develops and makes decisions about positions on policy.

(d) A registrant shall file a supplemental registration indicating any change in the information contained in the registration within 10 days after the date of the change."

Both § 5 and § 6 require, respectively, that the registration and the report which they require be "written, verified, and contain" certain information. § 8 directs the Secretary of State to design and provide appropriate forms. Unless we take the view that the requirement of verification was intended to mean that only the registrant could sign the reports, nowhere does the Act require that either the § 5 registration or the § 6 activity report be prepared, signed or filed by any particular person, and we answer your first question, that any person covered by § 3 (a)(1), may authorize its employed legislative representative or lobbyist to act in its behalf and to file the registration or report which it is required to file, provided the authorization is bona fide and is not made to avoid responsibility under the Act.

However, the entity required to file will remain liable for penalties and will be in violation of criminal laws for non-compliance with the statute.

Section 9 of the Act makes it a criminal offense to violate any provision of the Act. Regardless of who actually prepares, verifies or files the report, the registrant is responsible for the performance of those acts and if the report filed on behalf of a registrant does not contain all the information required by either § 5 or § 6, the registrant, by § 9, is made guilty of a misdemeanor and subject to monetary penalties in three times the amount of compensation or reimbursement received or expenditure made.

Your second question asks:

> "Can the registrant be required under penalty of law to report expenditures by non-registrants of which he is unaware and could not through diligent effort discover?"

Among the expenditures a registrant is required to report under § 6 of the Act are expenditures "made by others on behalf of the registrant for those direct communications if the expenditures were made with his express or implied consent or were ratified by him, . . " Section 6 (b)(1). You note in your letter that a lobbyist might urge members of an association to contact members of the Legislature, and yet have no knowledge of and little possibility of discovering whether they have so acted or what expenditures they have made, even though the lobbyist employs due diligence.

While the Lobby Act does not prescribe a culpable mental state in regard to a violation of § 6, the Penal Code requires one "unless the definition plainly dispenses with any mental element. " Sec. 6. 02 (b), V. T. P. C.

When the definition is merely silent as to the mental state, Subsection 6. 02(b) presumes that one is required and Subsection 6. 02 (c) requires that it amount **at least** to recklessness.

A person acts recklessly when "he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist

or the result will occur. " Recklessness requires a "gross deviation from the standard of care that an ordinary person would exercise. " Sec. 6.03 (c), V. T. P. C.

Thus, if the registrant has exercised reasonable diligence to determine expenditures made by others on his behalf and cannot discover any facts to report, we do not believe he could be guilty of the defined crime.

## SUMMARY

A "person", as defined in Art. 6252-9c, V. T. C. S, who makes a total expenditure in excess of $200 in a calendar quarter for communicating directly with a member of the legislative branch to influence legislation may designate its employed legislative representative or lobbyist to prepare, verify and file the required registration and activity reports, but the person required to file under either § 5 or § 6 of the Act will remain civilly and criminally liable for compliance with those sections of the statute.

A registrant under the Act who cannot, through diligent effort, discover expenditures made by others on his behalf, may be excused for a failure to report them.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee